TRACY, Treasurer of Crandon Joint District No. 1, Appellant, vs. JOHNSON, Treasurer of Town of Hiles, and another, Respondents. [Three cases.]

*February 6—February 28, 1958.*

For the appellant there was a brief by *Genrich, Terwilliger, Wakeen, Piehler & Conway,* attorneys, and *Paul D. Hilton* of counsel, all of Wausau, and oral argument by *Walter H. Piehler.*

For the respondents there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye.*

BROWN, J.  5 Federal Code Annotated, Title 16, sec. 500, p. 147; 16 USCA, sec. 500, p. 345, directs the secretary of the United States treasury to pay annually to the state of Wisconsin 25 per cent of all moneys received from any national forest located in the state "to be expended as the state legislature may prescribe for the benefit of the public schools and public roads of the county or counties in which such national forest is situated."

In compliance with this statute the secretary of the treasury paid certain sums to the state of Wisconsin. The Wisconsin legislature, sec. 20.07 (10), Stats., directed:

"DISTRIBUTION OF NATIONAL FOREST INCOME.  All sums of money heretofore received or which may hereafter be received from the United States government for allotment to counties containing national forest lands and designated for the benefit of public schools and public roads in such counties, shall be distributed in proportion to the national forest acreage in each as certified by the United States forest service. Such distribution shall be made annually within sixty days after receipt of the money from the federal government."

Pursuant to the foregoing statute the state paid to Forest county certain sums which it had received from the secretary of the treasury. Obedient to sec. 59.07 (22), Stats., as it then stood, the county treasurer then paid to the town of

Hiles in that county the money now in controversy. At all times material to this controversy sub. (22) read:

"NATIONAL FOREST CROP INCOME; ROADS AND SCHOOLS. The treasurer of each county receiving national forest income shall make distribution thereof to the towns in the county wherein national forest lands are situated, each town to receive such proportion thereof as the area of national forest lands therein bears to the area of such lands in the entire county. Fifty per cent of the amount received by it shall be expended by the town exclusively for the benefit of roads therein and the remaining 50 per cent thereof shall be allotted by the town treasurer, in such equitable manner as the town board shall determine, to school districts in the town for school purposes."

There is no school district which lies entirely within the town of Hiles but the town forms a part of the Crandon Joint District No. 1. That school district is territorially composed of this and several other townships and the city of Crandon. None of the money so received by the town from the county treasurer has been paid over to the school district.

The complaint alleges that the town treasurer received the money from the county treasurer, that by virtue of sec. 59.07 (22), Stats., the money became due and payable to the school district, that the plaintiff demanded the money but defendant town treasurer refused and neglected to pay it, wherefore plaintiff demands judgment against him and his surety for such money with costs.

According to sec. 59.07 (22), Stats., the county treasurer made his payment *to the town.* Fifty per cent of the amount so paid is to be retained by the town. The other 50 per cent "shall be allotted by the town treasurer, in such equitable manner *as the town board shall determine,* to school districts in the town for school purposes." The statute obviously contemplates that there will be two or more school districts

eligible to receive payments and discretion is given the town boards to apportion those payments.

The power and the duty to determine equitable shares of the money has been placed by the legislature in the town board. Until it has made its determination the town treasurer is not authorized to make any distribution. The statute does not enlarge his powers or duties in case the equities are, or seem to be, all one way. The legislature put its determination in the town board and in no other officer. Facts may be such that the board can come to only one conclusion in the exercise of sound discretion. If so, such facts limit the board in the determination it may make without abuse of discretion; they do not remove or transfer to someone else the board's duty to determine, nor do they authorize or compel the town treasurer to satisfy himself how the board *ought* to determine the prescribed "equitable manner" and to proceed as though the board had done so. His refusal so to proceed without such action by the town board does not constitute a breach by him of a legal duty which subjects him to a personal liability. The complaint, which does not allege that the town board has performed the duty imposed by statute and which is preliminary to the duty required of the town treasurer, does not state a cause of action against him.

*By the Court.*—Orders affirmed.

CURRIE and FAIRCHILD, JJ., dissent.